## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Clinton S. Brown

    v.                               Civil No. 15-cv-020-LM

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility

### REPORT AND RECOMMENDATION

Clinton S. Brown, appearing pro se, has petitioned for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction and sentence.  On April 10, 2015, the court issued an Order (doc. no. 4), directing Brown to show cause why this petition should not be dismissed as untimely, pursuant to 28 U.S.C. § 2244(d).  Before the court is Brown's response (doc. no. 5) to that Order.

### Background

In March 2005, a New Hampshire Superior Court jury convicted Brown of multiple counts of aggravated felonious sexual assault and incest.  Brown's sentence included three concurrent 10 to 20 year prison terms and one consecutive 3½ to 7 year term, totaling 13½ to 27 years, followed by two sets of concurrent fully suspended terms.  The New Hampshire Supreme Court affirmed Brown's conviction and sentence on November 3,

2006.  See State v. Brown, 154 N.H. 345, 910 A.2d 1203 (2006).

Brown's counsel at trial and on appeal, Attorney Mark Sisti, appealed Brown's sentence to the Sentence Review Board ("SRB").  In an April 27, 2007, decision, the SRB converted one of Brown's three concurrent 10 to 20 year sentences into a consecutive prison term, leaving the remainder of Brown's sentence unchanged, effectively increasing Brown's cumulative, stand committed sentence to 23½ to 47 years.  Brown did not seek New Hampshire Supreme Court review of that decision.

In 2014 and 2015, Brown, proceeding pro se, filed two post-conviction proceedings in Superior Court, asserting that Attorney Sisti had provided ineffective assistance at trial and in Brown's direct appeal, and also challenging the 2007 restructuring of his sentence, claiming that the SRB had exceeded its authority.  Brown did not prevail in those matters in the Superior Court, and the New Hampshire Supreme Court declined to accept Brown's appeal in either case.

From May 2007 through March 2014, no relevant state proceedings were pending relating to Brown's conviction.  See Doc. No. 5.  Observing that under 28 U.S.C. § 2244(d), Brown's petition appeared to be untimely, and noting that the court can dismiss a petition sua sponte on the ground that it is time-barred after providing the petitioner notice and an opportunity

to object, see Day v. McDonough, 547 U.S. 198, 209-10 (2006), this court in its April 10, 2015, Order (doc. no. 4) granted Brown an opportunity to show cause why his petition should not be dismissed.  Presently before the court is Brown's response (doc. no. 5) to that Order.  Brown seeks to invoke this court's authority to equitably toll the limitations period, and also seeks to access to the "actual innocence" exception to the statute of limitations.

**Discussion**

I.  Equitable Tolling

This court may equitably toll the limitations period, to allow an otherwise untimely § 2254 petition to proceed, if the petitioner shows that he was "pursuing his rights diligently," and that "some extraordinary circumstance stood in his way and prevented timely filing" of his petition.  Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010) (internal quotation marks and citations omitted).  Brown asserts that the statute of limitations should be equitably tolled in his case because of counsel's ineffective assistance, counsel's "abandonment" of Brown, Brown's lack of legal training, and Brown's limited access to the prison law library.

Brown's ineffective assistance of counsel claims relate to

Attorney Sisti's alleged failure to investigate and prepare adequately for trial, failure to call certain witnesses, failure to object to alleged prosecutorial misconduct and to the admission of prejudicial evidence, and failure to raise and brief on appeal the sufficiency of the evidence.  Those allegations of trial and appellate errors do not substantiate a claim for equitable tolling, as Brown has not shown how counsel's conduct stood in the way of Brown's ability to timely file his § 2254 claims here.  Similarly, Brown has argued that Attorney Sisti abandoned him for non-payment of bills in 2008, but Brown has not shown how that alleged abandonment more than two years after his conviction became final interfered with Brown's ability to timely file a habeas petition in this court. Brown has also failed to explain how any misinformation he may have received from Attorney Sisti regarding the SRB decision affected Brown's ability to file a § 2254 petition challenging Attorney Sisti's performance at trial and in his direct appeal.

Brown points to his lack of legal training and limited law library access as reasons for his failure to file his claims sooner, and as bases for equitably tolling the limitations period in this matter.  Those factors, however, represent circumstances common to many inmates seeking federal habeas relief and are not "extraordinary."  See Holmes v. Spencer, 685

F.3d 51, 62-63 (1st Cir. 2012).  Accordingly, Brown has not shown that equitable tolling of the limitations period is appropriate in this case.

## II.  Actual Innocence

Brown also asserts that his "actual innocence" precludes this court from dismissing his § 2254 petition pursuant to § 2244(d).  A petitioner's "credible claim of actual innocence" suffices to allow an otherwise untimely petition to proceed. McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013).  To make such a claim, the petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Brown cites as proof of his innocence that the victim previously recanted her accusations.  The recantation at issue, however, occurred prior to trial, and was a matter upon which the victim was cross-examined at trial.  Brown also points to witnesses whom his trial counsel never called, who, he asserts, could have offered testimony to impeach the victim's testimony. Brown has not shown, however, that if their testimony had been admitted, no reasonable juror would have convicted him.  Brown points to no other new evidence, unavailable to Brown prior to trial, upon which Brown could base a credible claim of actual

innocence.  For that reason, Brown cannot avail himself of the "actual innocence" exception to the one-year statute of limitations applicable to his petition.  Accordingly, Brown's petition should be dismissed as untimely, pursuant to 28 U.S.C. § 2244(d).

III. Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party."  § 2254 Rule 11(a).  The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Brown has failed to make a substantial showing of the denial of the constitutional right, and for that reason, the district judge should decline to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, the district judge should dismiss the petition (doc. no. 1) as untimely under 28 U.S.C. § 2244(d), and should decline to issue a certificate of appealability.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.

See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea Johnstone
United States Magistrate Judge

July 8, 2015

cc:  Clinton S. Brown, pro se